## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

CYNTHIA ANN TAYLOR,

                Plaintiff,

vs.

CAROLYN W. COLVIN,
Acting Commissioner, Social Security
Administration,

                Defendant.

Case No. 12-CV-412-FHM

## OPINION AND ORDER

Plaintiff, Cynthia Ann Taylor, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1]   In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1]  Plaintiff's July 16, 2009, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Charles Headrick was held March 16, 2011.  By decision dated April 22, 2011, the ALJ entered the findings that are the subject of this appeal.  The Appeals Council denied Plaintiff's request for review on May 22, 2012.  The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 52 years old on the date of alleged onset of disability and 54 on the date of the ALJ's denial decision.  She has a high school education and formerly worked as a dump truck driver.  She claims to have been unable to work since February 27, 2009 as a result of pain and dysfunction resulting from degenerative joint disease of the lumbar spin, depression, and substance abuse disorder.

## The ALJ's Decision

The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1576(b), except she has a "marked ability" to understand, remember, and carry out detailed instructions and a "marked ability" to interact appropriately with the general public.[2]  [R. 20].  Although Plaintiff is unable to perform her past relevant work as a dump truck driver, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the

---

[2]  The term "marked ability" is an obvious typographical error and should read "marked inability" or "marked limitation in the ability to . . .".  The court's rationale for this conclusion is discussed later in this opinion and order.

national economy that Plaintiff could perform with these limitations.  The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts the ALJ failed to find that she meets or equals Listing §1.04A; the ALJ failed to propound a proper hypothetical question to the vocational expert and arrived at an incorrect residual functional capacity determination; the ALJ failed to properly consider the medical source opinion evidence; and the ALJ's credibility determination is faulty.

## Analysis

### Listing § 1.04 A

The Listing of Impairments (listings) describe, for each of the major body systems, impairments which are considered severe enough to prevent a person from performing any gainful activity.  It is Plaintiff's burden to show that her impairment is equivalent to a listing. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).  Further, *all* of the specified medical criteria must be matched to meet a listing.  An impairment that manifests only some of the criteria, no matter how severely, does not qualify.  *Sullivan v. Zebley*, 493 U.S. 521, 531, 110 S.Ct. 885, 891, 107 L.Ed.2d 967 (1988).

Plaintiff argues:  that she meets the requirements for Listing 1.04 A, disorders of the spine, 20 C.F.R.  Pt. 404, Subpt. P, App. 1, §1.04A.; that the ALJ's failure to analyze that

listing section is reversible error; and since she meets listing §1.04A, the case should be remanded for payment of benefits.

Listing §1.04A requires:

> *Disorders of the spine* (e.g. herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord.  With:
>
> A.  Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and , if there is involvement of the lower back, positive straight-leg raising test (siting and supine);

*Id*.  In her brief Plaintiff sets out a number of medical findings that she says demonstrate that she meets all of the criteria of Listing §1.04A.  The court finds that Plaintiff's citation to sporadic medical findings does not demonstrate that she meets the listing criteria so as to be presumptively disabled.

The October 2009 objective findings of Patrice Wagner, DO that Plaintiff moved all extremities well, was neurologically intact, had full muscle strength, and normal range of motion in her back, [R. 300, 302-03] demonstrate that Plaintiff did not meet the criteria for Listing §1.04A.  A March 2011 report by neurological surgeon, Daniel J. Boedeker, M.D., also demonstrates that Plaintiff does not meet the listing criteria.  Dr. Boedeker described Plaintiff's complaint of pain as being in "no particular dermatomal distribution."  [R. 522]. On examination Dr. Boedeker found Plaintiff's cranial nerves to be grossly intact, she appeared to have normal strength in her lower extremities, normal sensation, an absent knee reflex on the right, but a 2+ knee reflex on the left and at both ankles, and she was

able to toe and heel walk without deficit.  [R. 532].  These findings do not support Plaintiff's claim that she meets Listing 1.04A.[3]

The ALJ is required to discuss the evidence and the reasons for determining that Plaintiff is not disabled at step three.  *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996).  The ALJ failed to do this with regard to Listing 1.04A.  However, the Tenth Circuit has rejected a construction of *Clifton* that would lead to unwarranted remands which would needlessly prolong the administrative proceedings.  *Fischer-Ross v. Barnhart,* 431 F.3d 729, 930 (10th Cir. 2005).  Therefore it is not necessary to reverse a case for a step three analysis where the ALJ provides a full discussion of the medical record in terms that provide a basis for rejection of the Listing and where the remainder of the ALJ's analysis demonstrates that the claimant is not disabled.  Such is the situation in this case.  The ALJ accurately summarized the medical record and fully discussed his rationale for finding Plaintiff is not disabled through the entire five step sequential evaluation.  Accordingly, the court will not remand the case for a discussion of Listing 1.04A.

<u>Hypothetical Questioning of the Vocational Expert</u>

Plaintiff argues that the ALJ failed to propound a proper hypothetical question to the vocational expert because, rather than verbally setting out the limitations included in the hypothetical question, the ALJ asked the vocational expert to assume the limitations set out in two exhibits.  [R. 51].  This practice is a minefield for misunderstanding between the ALJ and the vocational expert and has the potential for creating unnecessary uncertainty

---

[3]  The court rejects the Commissioner's assertion that Plaintiff was required to demonstrate an inability to ambulate effectively to meet Listing §1.04A.  The Commissioner's reliance on the requirements of §1.00(2)(a) is misplaced.  That section defines the term "functional loss" as it is used in the musculoskeletal listings.  Section 1.04A does not employ the term "functional loss' but instead specifically defines the limitations that will meet the criteria for that listing.

for the court on review.  The exhibits the ALJ referred to span ten pages that could contain information about limitations pertinent to Plaintiff's residual functional capacity . [Dkt. 306-312, 324-327].  When the ALJ verbally specifies the limitations included in the hypothetical question, the reviewing court knows with certainty what limitations the vocational expert considered.   Uncertainty does not, however, exist in this case where the limitations expressed in the exhibits are straightforward and there are no points of confusion between the exhibits and the ALJ's decisional RFC.   The court finds no error in referring the vocational expert to exhibits to express the limitations to be included in the hypothetical question.

Plaintiff argues that the case should be reversed because the ALJ's decisional RFC contains no mental limitations and what Plaintiff calls the non-limitations of "marked ability to understand, remember, and carry out detailed instructions and marked ability to interact appropriately with the general public."  [R. 20].

The ALJ's hypothetical to the vocational expert is based in part, on limitations contained in  Exhibit 9F, [R. 324-326] which addresses mental limitations.  That exhibit states Plaintiff is markedly limited in the ability to understand, remember, and carry out detailed instructions, and markedly limited in the ability to interact appropriately with the general public.  [R. 324-325].  The functional capacity assessment of Exhibit 9F states Plaintiff has the following capacity:

> Claimant can perform simple tasks with routine supervision.
> Claimant can relate to supervisors and peers on a superficial work basis.
> Claimant cannot relate to the general public.
> Claimant can adapt to a work situation.

6

[R. 326].  In the ALJ's summary of the medical evidence, the ALJ referred to the foregoing and noted the ability to perform simple tasks with routine supervision and that Plaintiff cannot relate to the general public.  The ALJ stated the opinion expressed in Exhibit 9F was in line with the medical record and was given considerable weight.  [R. 24].  In light of those statements, the court finds that the ALJ's use of the term "marked ability" in the RFC is a typographical error and, contrary to Plaintiff's assertion, the ALJ's RFC does contain mental limitations of performing only simple tasks and the inability to relate to the general public.

Plaintiff asserts that the case should be reversed because we cannot tell from the record whether the vocational expert considered Plaintiff's age as being almost 55.  [Dkt. 19, p. 5].  According to Plaintiff, she was close to her 55th birthday and under the grids,[4] considering her education and experience, at that age she would be considered disabled.  The application of the grids is a function performed by the ALJ not a vocational expert.  As a result, the court finds no error in the ALJ's failure to pose the hypothetical question in terms that would require the vocational expert to apply the grids.

To the extent that the Plaintiff has asserted that she falls into a borderline situation that required the ALJ to discuss which grid category to apply, the court finds no merit to that contention.  The grids have three age categories: under age 50; age 50 to 54; and age 55 or older.  To avoid arbitrary results when a claimant's age is approaching an older age category in cases where the difference in age would make a difference in the outcome, the regulations provide as follows:

---

[4] The Medical Vocational Guidelines (grids) are tables which may direct a finding of disabled or not disabled based on the Plaintiff's age, residual functional capacity, education, and work experience.

> We will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.

20 C.F.R. §§ 404.1563(b), 416.963(b). On the date of the ALJ's decision, Plaintiff was 54 years old and seven months away from turning 55 years old.[5] Plaintiff was closer to 54 years old than to 55. The court finds that Plaintiff did not fall into a borderline situation in that she was not within a few days or months of the next age category.

Consideration of Opinion Evidence

Plaintiff argues that the ALJ failed to properly consider the medical source evidence because he gave great weight and considerable weight to the DDS reviewing experts, but did not include Exhibit 10F in the hypothetical question to the vocational expert. Exhibit 10F is the psychiatric review technique (PRT) form completed by the DDS reviewing psychologist. [R. 328-340]. The PRT form does not contain any information about the ability to perform work-related tasks. The court finds no error was committed in the ALJ's failure to bring the PRT form to the vocational expert's attention.

Plaintiff objects to the ALJ's use of boilerplate phrases in the ALJ's explanation of the weight he gave the opinions of the DDS reviewing experts. The court finds that the ALJ's language is not objectionable. The ALJ explained that he accorded weight to the opinions of the DDS experts because their opinions were in line with the medical record

---

[5] The parties disagree about the number of month between the ALJ's decision and Plaintiff's birthday. [Dkt. 20, p. 7; Dkt. 23, p. 4]. The ALJ's decision was rendered in April and Plaintiff's birthday is in November, that is a seven month time period.

8

and because the record does not contain any opinions from any physician indicating that Plaintiff's limitations are greater than the findings contained in the decision.  [R. 22, 24].

The court does not view a 1975 report from an orthopedist as evidence contrary to the ALJ's statement that no physician has found Plaintiff to be more limited than the RFC. [R. 552].  Plaintiff states that the ALJ has miscast the record by failing to mention that report.  [Dkt. 19, p. 9].  The court finds no error in the ALJ's failure to include the limitations contained in that report, made 36 years earlier, which are not noted by any of Plaintiff's contemporary medical care providers.

### Credibility

"Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings."  *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir.2005) (citation, brackets, and internal quotation marks omitted).  The ALJ's reasons for discounting Plaintiff's credibility are tied to the evidence:  inconsistency between Plaintiff's allegations of limitations and the medical record, Plaintiff's insistence on a diagnosis of bi-polar to assist in obtaining disability, and lack of any opinions from treating physicians concerning the limitations Plaintiff claims.  [R. 24].  Since the ALJ properly linked his credibility finding to the record, the undersigned finds no reason to deviate from the general rule to accord deference to the ALJ's credibility determination.

Plaintiff offers arguments against the factors cited by the ALJ in support of his credibility finding.  The court views those arguments as an invitation to engage in impermissible reweighing of the evidence.  As the Tenth Circuit has instructed, the court

must decline that invitation.  *See Rabon v. Astrue*, 464 Fed. Appx. 732, 735-36 (10th Cir. 2012)(citing *Hackett v. Barnhart,* 395 F.3d 1168, 1173 (10th Cir. 2005)).

## **Conclusion**

The Court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts.  The Court further finds there is substantial evidence in the record to support the ALJ's decision.  Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED

SO ORDERED this 27th day of August, 2013.


FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE